UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SWAIN,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>    Defendant. | Case No. 19-cv-03882-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I.     INTRODUCTION

Darius Swain, an inmate at the California State Prison in Lancaster, commenced this *pro se* prisoner's civil action by filing a "writ of replevin complaint." Docket No. 1. The complaint is now before the Court for review under 28 U.S.C. §§ 1915(e) and 1915A.

## II.     BACKGROUND

Mr. Swain seeks a judgment against the Alameda County Superior Court and the County Courthouse in this action in which he has named the Director of Corrections as the "respondent." Docket No. 1 at 1. He alleges that a "financial responsibility" was imposed during his arraignment and that he "was unaware of a fine in addition to imprisonment" imposed against him. *Id.* He further alleges that his "fiduciary acted as the plaintiff's trustee during (all) court proceedings and failed to honor its obligation as said trustee in good faith and candor." *Id.* at 2. As a result of the foregoing, "plaintiff was placed under court imposed lien on real property being the plaintiff himself as 'tangible property.' . . . Plaintiff was also placed under a 'third party contract,' whereby said party came to the aid of the plaintiff as his 'creditor beneficiary.'" *Id.* He further contends that he seeks "a permanent solution by filing a writ of replevin complaint. This

1 would remedy the court's lien of real property, stored as collateral on the previously unsecured
2 debt." *Id.* at 3.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). For cases in which a plaintiff proceeding in forma pauperis has sued private parties, the court may review and dismiss the action if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Mr. Swain has filed a "writ of replevin complaint." A writ of replevin is not available on the allegations made in the complaint. Although this Court has the authority to issue "all writs necessary or appropriate" in aid of its jurisdiction "and agreeable to the usages and principles of law," 28 U.S.C. § 1651, no facts are alleged to establish jurisdiction or to show that the requested writ is necessary or appropriate in aid of the court's jurisdiction.

As relevant here, the Court only has jurisdiction to entertain an action if the parties have diverse citizenship, *see* 28 U.S.C. § 1332, or if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, Mr. Swain's action can go forward in federal court only if there is diversity jurisdiction, or if a claim is stated under § 1983.

Diversity jurisdiction requires an amount in controversy greater than $75,000 and, more importantly for present purposes, that the action is between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). There does not appear to be diversity jurisdiction in this action. If Mr. Swain has facts showing otherwise, he may attempt to allege facts suggesting the existence of

2

diversity jurisdiction if he wishes to proceed based on diversity jurisdiction.

Federal question jurisdiction also is not alleged. A civil rights action under 42 U.S.C. § 1983 would give the Court federal question jurisdiction over an action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint is a rambling jumble of ideas that is largely incomprehensible. Mr. Swain mentions several legal concepts, but fails to allege an understandable set of facts to go with any of those legal concepts. The complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Mr. Swain may file an amended complaint that cures the several deficiencies addressed in this order.

First, Mr. Swain has to allege a claim showing that the Court has jurisdiction, e.g., diversity jurisdiction or a claim under 42 U.S.C. § 1983, as discussed above.

Second, the complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). The conclusory allegations fail to satisfy some of the basic purposes of a complaint: framing the dispute and giving the defendants and Court notice of the claims upon which relief is sought. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). It is more important that a *pro se* litigant describe the facts of his problem than that he name the legal theories under which he wishes to proceed -- if the Court understands the facts, the Court usually can figure out the legal theory, but the opposite is not true. In the amended complaint, Mr. Swain must allege a short and plain statement of each

3

claim for relief he wishes to assert.

Third, the amended complaint must list the defendants and adequately link each defendant to the claim(s). Mr. Swain should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights, and stating when the violation occurred. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). To sue a supervisor, the plaintiff must allege facts showing (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Mr. Swain is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Id.* at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. If Mr. Swain wants to allege a *Monell* claim against a municipal entity, he must be careful to allege the specific policy, custom or practices of the municipal entity that he contends give rise to liability.

Fourth, a plaintiff cannot bring a civil rights action for damages for a wrongful conviction

4

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction or sentence in a civil rights action for damages or declaratory relief; the conviction or sentence must have been successfully attacked before the civil rights action for damages is filed. If Mr. Swain wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV. CONCLUSION

The complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Mr. Swain may attempt to allege one or more claims in an amended complaint. The amended complaint must be filed no later than **November 29, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Swain is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not

///
///
///
///
///
///
///
///

5

require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: October 25, 2019

_____
EDWARD M. CHEN
United States District Judge