UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SWAIN,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>    Defendant. | Case No. 19-cv-03882-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 10-1 |

## I.     INTRODUCTION

Darius Swain, an inmate at the California State Prison in Lancaster, commenced this *pro se* prisoner's civil action by filing a "writ of replevin complaint." Docket No. 1. The Court dismissed the complaint with leave to amend because the complaint (a) failed to allege facts establishing jurisdiction (e.g., diversity jurisdiction or federal question jurisdiction); (b) had too many conclusory allegations and failed to allege a short and plain statement of the claim showing that Mr. Swain was entitled to relief; (c) failed to link defendants to the claims; and (d) could not assert claims that would call into question his conviction or sentence.

Mr. Swain then filed an "writ of replevin first amended complaint." Docket No. 10-1. That first amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.     DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Like the original complaint, the first amended complaint borrows concepts from the Uniform Commercial Code (U.C.C.) in an attempt to secure Mr. Swain's release from prison. The first amended complaint makes little sense, but alleges the following: Mr. Swain is the secured party creditor, the authorized representative of the debtor, and the debt itself, as he holds a secured interest in himself in the amount of $100,000. Docket No. 10-1 at 3. He incurred a "debt to the State of California" (apparently referring to his conviction and prison sentence) that he "did not have the opportunity to accept the charges and return them for full value." *Id.* As a result, "an unlawful lien" (apparently, his prison sentence) was placed against his "property" (i.e., Mr. Swain) that is now in the possession of the California Department of Corrections. *Id.* His first amended complaint is "presentment acceptance for value" which, in turn, should secure the lien on his "property" (i.e., himself) and result in "closure of case number H26381 and release of lien [on his] personal property" (i.e., himself) from state prison. *Id.* at 5-6. He alleges that the failure to grant him relief on his "presentment acceptance for value" violates due process. *Id.* at 5. Among the exhibits attach to the first amended complaint are a U.C.C. Financing Statement[1] signed by Mr. Swain that purports to cover, among other things, his birth certificate and variations on his name, *id.* at 8; a "non-negotiable bill of exchange" regarding a "'chargeback' of personal U.C.C. contract trust account" signed by Mr. Swain, *id.* at 11; and a "conditional acceptance – request for proof of claim as to the status of monetary conditions within the state of California to pay debts at law" signed by Mr. Swain, *id.* at 14-19.

The allegation of a due process violation gives the Court jurisdiction over the action, as it raises a federal question under 42 U.S.C. § 1983. However, Mr. Swain's due process claim, like the rest of his first amended complaint, is legally meritless.

There appear to be several sorts of abuses of the U.C.C. favored by prisoners, who try to

---

[1] A U.C.C.-1 Financing Statement "is a standardized legal form filed by a creditor giving notice of an interest in the personal property of a debtor." *United States v. Neal*, 776 F.3d 645, 649 n.1 (9th Cir. 20015).

2

take advantage of the fact that the U.C.C. "grants little authority to filing offices to refuse to accept fraudulent or invalid filings." *United States v. Neal*, 776 F.3d 645, 653 (9th Cir. 2015).[2] One sort of abuse is the use of liens and encumbrances against the real or personal property of government officials to harass them. Such efforts can lead to criminal convictions. *See, e.g., Neal*, 776 F.3d at 655 (upholding conviction under 18 U.S.C. § 1521, which prohibits the filing, attempt to file, or conspiracy to file a false document of the sort regularly used to create liens or encumbrances against the real or personal property of a federal officer or employee)). Another sort of abuse is the use of U.C.C. documents to pursue the "Redemptionist" theory (or other similar theory) to try to obtain release from custody.

> [T]he "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

Mr. Swain's first amended complaint and attachments thereto appear to be an effort to pursue the Redemptionist theory to support his release from custody. The theory that he has a right to release as a result of the U.C.C. documents he prepared and filed is legally meritless. *Cf.*

---

[2] The seriousness of the problem of prisoners filings illegitimate liens has led to a number of prison systems imposing outright bans on the possession of U.C.C. materials. *See, e.g., Torres v. Florida Dept. of Corr.*, 742 F. App'x 403, 406-07 (11th Cir. 2018) (rejecting First Amendment challenge to rule permitting confiscation of prisoner's U.C.C. forms because it was reasonably related to legitimate penological interest in preventing prisoners from filing fraudulent U.C.C. liens); *Edmonds v. Sobina*, 296 F. App'x 214 (3d Cir. 2008) (upholding prison's policy of restricting inmates possession of U.C.C.-related materials); *Monroe v. Beard*, 536 F.3d 198 (3rd Cir. 2008) (rejecting First Amendment and Due Process challenges to confiscation of U.C.C. materials).

3

*Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (the U.C.C. does not "provide a basis to challenge the conditions of [plaintiff's] imprisonment under 28 U.S.C. § 2241"); *United States v. Nero*, 2013 WL 12156673, *2 n.1 (D. Ariz. 2013) (defendant's arguments that his criminal judgment is void due to his U.C.C. filings as a "secured party creditor" are among the "claims in his various filings [that] have no basis in law and are patently frivolous and/or malicious"); *id.* (collecting cases that have rejected inmate efforts to file unsubstantiated liens and U.C.C. financing statements in connection with their incarceration). The U.C.C. does not apply to the facts alleged in the first amended complaint. Mr. Swain offers no legal authority for his outlandish idea that a prison sentence or a conviction is a secured or unsecured debt under the U.C.C. And he offers no legal authority for his equally absurd proposition that a prisoner or the state gains a secured interest under the U.C.C. in the prisoner by virtue of the prisoner's conviction or prison sentence. In a nutshell, nothing in the U.C.C. will unlock the prison gate for Mr. Swain.

Attaching a due process label to the minimal facts alleged in the first amended complaint does not help Mr. Swain because the due process theory, like the underlying U.C.C. theory, is legally meritless. Mr. Swain had no due process right to release from custody upon his presentation of his "presentment acceptance for value," Docket No. 10-1 at 5, to this Court or to prison officials.

Moreover, as the Court previously explained, a plaintiff cannot bring a civil rights action for damages or equitable relief for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction or sentence in a civil rights action for damages or declaratory relief; the conviction or sentence must have been successfully attacked before the civil rights action for damages is filed.

4

If Mr. Swain wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The first amended complaint fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile. The Court already explained in the order of dismissal with leave to amend what Mr. Swain needed to do to state a claim for relief, but he was unwilling or unable to do so in his first amended complaint.

### III. CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 20, 2019

_____
EDWARD M. CHEN
United States District Judge